IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JACQUELINE D. TURNER, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 5:10-cv-187 |
| | : | |
| vs. | : | |
| | : | |
| STATE OF GEORGIA SECRETARY | : | |
| OF STATE and SHAWN LAGRUA, | : | |
| | : | |
| Defendants. | : | |
| | : | |

# COMPLAINT

COMES NOW Plaintiff, **JACQUELINE D. TURNER,** and shows the Court as follows:

1.

This civil action is for declaratory and injunctive relief and for compensatory and punitive damages, including backpay, to enforce the right of Plaintiff to be free from governmental retaliation on account of opposition to unlawful employment practices in violation of the Fourteenth Amendment and Title 42 U.S.C. § 1983.  Moreover, this action is to enforce the right of Plaintiff to be free from arbitrary and capricious treatment and from discrimination on the basis of her race and gender while in government employment, as guaranteed by Title 42 of the United States Code, Sections 1981 and 2000e and the due process and equal protection clauses of the Fourteenth Amendment.

2.

Plaintiff filed her charge of discrimination against Defendant Secretary of State with the Equal Employment Opportunity Commission within 180 days of its occurrence and she received

her "Notice of Right to Sue," which was dated February 8, 2010, on or about February 11, 2010. Therefore, Plaintiff has fully complied with all administrative prerequisites. A copy of Plaintiff's Right to Sue letter is attached hereto as Exhibit A.

3.

The jurisdiction of this Court is invoked under Title 28 of the United States Code, Section 1331, 1343(3) and (4) and 2201, this suit being authorized by Title 42 of the United States Code, Sections 1983 and 2000e.

4.

Plaintiff Jacqueline D. Turner is a fifty year old African-American female citizen and resident of the City of Hephzibah, Georgia.

5.

Defendant State of Georgia Secretary of State is a constitutional office and instrumentality of the State of Georgia with an office in Macon, Georgia with more than four hundred employees in its various divisions and offices and is subject to the jurisdiction of this Court.

6.

Defendant Shawn LaGrua is a resident of the State of Georgia and is subject to the jurisdiction of this Court by virtue of the facts, hereinafter set forth.

7.

Defendant Shawn LaGrua is sued individually for deprivation of Plaintiff's rights under color of state law while acting in her supervisory job as Inspector General.

8.

The discriminatory conduct about which Plaintiff complains occurred in the Macon office

of Defendant State of Georgia Secretary of State and as a result venue is proper in the Middle District of Georgia.

9.

Plaintiff started working for the State of Georgia in the office of the Secretary of State in December of 2001 as an Investigation Area Supervisor.

10.

Since June 2002, Plaintiff worked as Director of Investigations until she was constructively discharged and performed the duties of the job in an exemplary manner.

11.

In June of 2007, Plaintiff applied for the position of Deputy Inspector General, a new position, which had the same job responsibilities as those of the Director of Investigations, and higher pay, but she did not receive the position.

12.

Given Plaintiff's qualifications, denying her the position of Deputy Inspector General can only be explained on the basis of discrimination on the basis of her race and gender.

13.

At the time of Defendant's action complained of herein, Plaintiff was a permanent employee with a reasonable expectation of continued employment with Defendant Secretary of State.

14.

During the entire period of Plaintiff's employment with Defendant, she was never warned, reprimanded, disciplined or suspended because of her job performance.

15.

In spite of meeting the legitimate expectations of Defendant and performing the duties of her job in an exemplary manner, the duties of her job were given to William Christopher Harvey, a white male, who was given the position of Deputy Inspector General for which she had applied, and her job was abruptly eliminated through what was falsely called a reorganization.

16.

When Defendant Shawn LaGrua became Plaintiff's supervisor, she falsely accused her of taking too many days off from work even though her leave was pre-approved and some of it was caused by the death of her mother.

17.

In October of 2007, Plaintiff contacted Defendant Shawn LaGrua and complained about the racially "hostile working environment" in which she worked and the harassment that she was experiencing as shown by the fact that the leave of white employees was not questioned and they were not bullied, verbally abused, and subjected to humiliating and offensive treatment on the basis of their race or subjected to differences in treatment in the terms and conditions of their employment.

18.

There was no other intervening event that explains Defendant Shawn LaGrua's conduct.

19.

Within four days of complaints about the treatment she received on her job, Plaintiff was retaliated against by Defendant Shawn LaGrua on October 15, 2007 through the elimination of her job as a result of what was called a reorganization.

20.

Since Plaintiff's position was eliminated, Defendant Shawn LaGrua and other unknown agents of Defendant State of Georgia Secretary of State have placed white males in supervisory jobs and no females have been hired as supervisors.

21.

On October 25, 2007, Plaintiff applied for the position of Investigations Area Supervisor but she did not receive the position.  Given Plaintiff's qualifications, denying her this position can only be explained on the basis of discrimination on the basis of her race, gender, and retaliation.

22.

When Plaintiff's supervisory job was eliminated, she was offered an entry level job as a regulatory agent and would have been under the supervision of a less qualified white male she hired.

23.

The job she was told she could apply for had significantly less responsibility than the supervisory job she held and this amounted to constructive discharge which when combined with the treatment she was receiving from Defendant Shawn LaGrua was so intolerable that no reasonable person could be expected to remain in Defendant State of Georgia Secretary of State's employ.

24.

Defendant's purpose in treating Plaintiff differently than the aforementioned white male employees was to retaliate against her on account of her decision to complain about the racially hostile work environment Defendant Shawn LaGrua created.

25.

The reason given for Plaintiff's discharge was an alleged reorganization of the area in which Plaintiff worked.

26.

Plaintiff shows that the reason offered for her discharge was false and constitutes a pretext for unlawful retaliation and discrimination as shown by the fact that the duties of her job were given to a white male, William Christopher Harvey, and only men were retained in supervisory positions.

27.

Plaintiff shows on information and belief that no white employee was discharged by Defendant State of Georgia Secretary of State as a result of the reorganization that resulted in the elimination of her job.

28.

On the basis of experience and education, Plaintiff should have been retained as a supervisor instead of the less qualified men who did not lose their supervisory jobs.

29.

There is a real and actual controversy between the parties.  Plaintiff has no adequate remedy at law to protect her prospective rights from irreparable injury by Defendant State of Georgia Secretary of State other than the declaratory and injunctive relief prayed for herein and shows that injury will continue until declared to be unlawful and enjoined by this Court.

30.

As a direct consequence of the conduct of Defendant Shawn LaGrua and its agents and employees, Plaintiff has been forced to seek medical attention for stress and excruciating mental

pain and suffering.

31.

The acts of Defendant referenced herein occurred under color of law of the State of Georgia and under color of Defendant Shawn LaGrua's office and officers of the State of Georgia.

32.

Plaintiff is entitled to punitive damages against Defendant Shawn LaGrua because the conduct she engaged in was willful, knowing, and in bad faith.

**WHEREFORE, Plaintiff respectfully prays that this Court:**

(a) Enter a declaratory judgment that Plaintiff has been retaliated against on account of the exercise of her right to oppose the creation of a hostile work environment in violation of rights guaranteed by Title 42 § 1983 and the Fourteenth Amendment;

(b) Enter a declaratory judgment that Plaintiff was discriminated against on the basis of her race in violation of Title 42 of the United States Code, Sections 1981 and 2000e and the Fourteenth Amendment;

(c) Enter a declaratory judgment that Plaintiff was subjected to arbitrary and capricious treatment in violation of the Fourteenth Amendment:

(d) Enter a permanent injunction which directs Defendant to reinstate Plaintiff to her supervisory position in Defendant Secretary of State's office:

(e) Award Plaintiff backpay together with all other benefits which she is entitled for the period of time she was unlawfully denied her employment with Defendant Secretary of State;

(f) Award Plaintiff her costs together with her attorney's fees;

(g) Enter a permanent injunction granting Plaintiff any further relief, including but not limited to the expungement of records within the custody of Defendant, necessary and proper to ensure that the non-monetary injuries and the effects thereof inflicted upon Plaintiff by the unlawful acts complained of herein are rectified and cured.

(h) Plaintiff further requests that this Court conduct a trial on the issue of damages and enter a judgment against Defendant for an award of compensatory damages, in the amount of $400,000.00, to compensate Plaintiff for the injuries she has sustained because of the illegal acts of Defendant complained of herein and award to Plaintiff punitive damages against Shawn LaGrua in an appropriate amount on the grounds that this Defendant's conduct complained of herein was done knowingly, willfully and in bad faith.

(i) Grant Plaintiff a trial by jury; and

(j) Grant Plaintiff such other and further relief as is meet and proper.

/s/Lonzy F. Edwards
**LONZY F. EDWARDS**
**Georgia Bar No. 241475**
**Attorney for Plaintiff**

**EDWARDS & YOUMAS, LLC**
**2717 Millerfield Road**
**P.O. Box 12**
**Macon, GA    31202-0012**
**(478) 745-4380**
**(478) 746-3007 Fax Number**