IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

JACQUELINE D. TURNER,            )
                                 )
                    Plaintiff,   )
                                 )
       v.                        )   CIVIL ACTION NO. 5:10-CV-187(MTT)
                                 )
STATE OF GEORGIA SECRETARY OF    )
STATE, *et al.*,                 )
                                 )
                    Defendants.  )
                                 )

## ORDER

This matter is before the Court on the Defendants' Motion to Reopen Discovery and Objections to Plaintiff's Amended Complaint (the "Motion") (Doc. 34). For the following reasons, the Motion is **DENIED**.

On August 25, 2011, the Court entered an Order requiring the Plaintiff to file an Amended Complaint stating, by separate count, each claim the Plaintiff asserts and against whom the claim is asserted. (Doc. 29). Pursuant to that Order, the Plaintiff filed her Amended Complaint on September 8, 2011. (Docs. 30, 31). The Court granted leave to file the Amended Complaint on September 9, 2011. However, the Defendants have objected to the filing of the Amended Complaint and if it is to be filed they seek additional discovery.

### I. The Defendants' Objection to the Amended Complaint

Although the Court has already granted leave to file the Amended Complaint, the Court will address the Defendants' Objection. The determination of whether to grant a

leave to amend a complaint after responsive pleadings have been filed is within the sound discretion of the trial court. *Shipner v. Eastern Airlines, Inc.*, 868 F.2d 401, 406 (11th Cir. 1989). Leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a); *Shipner*, 868 F.2d at 407. Thus, in the absence of any apparent reason not to, leave to amend should be freely granted. *Foman v. Davis*, 372 U.S. 178, 182 (1962); *Shipner*, 868 F.2d at 407.

The Defendants object to the Plaintiff's Amended Complaint, claiming "it adds new claims, allegations, and damages not previously included in the Original Complaint." Moreover, the Defendants assert that the Plaintiff "now claims that she suffered 'excruciating mental pain and suffering' as a result of Defendants' alleged unlawful conduct…." Further, the Defendants object to the Plaintiff's "dramatic increase in alleged damages" stated in the Amended Complaint.

First, the Plaintiff's allegations of "excruciating mental pain and suffering" are found both in her Amended Complaint and initial Complaint. Specifically, the Plaintiff's initial Complaint states, "[a]s a direct consequence of the conduct of Defendant Shawn LaGrua and its agents and employees, Plaintiff has been forced to seek medical attention for stress and *excruciating mental pain and suffering*." (Pl. Original Comp. ¶ 30). Thus, the Defendants' objection to the Plaintiff's allegation of excruciating mental pain and suffering in the Amended Complaint is unfounded because the exact same allegation can be found in the initial Complaint.

Second, the Plaintiff has not increased her claims of injury and damages; she has increased her demand for damages. The Plaintiff's initial Complaint included a demand for $400,000 in compensatory damages, along with a punitive damages claim.

Her Amended Complaint demands either $400,000 or $250,000 for each count.  A change in a demand for damages does not prejudice the Defendants.  Pleadings do not go out with the jury, and a plaintiff is free to ask a jury, if she gets that far in litigation, to award whatever a plaintiff thinks her claims are worth.  Generally, courts have held that an amendment increasing the amount of damages should be allowed absent some demonstrable prejudice to the defendants.  See *Cimono v. Glaze*, 228 F.R.D. 169, 173 (W.D.N.Y. 2005); *Pesce v. General Motors Corp.*, 939 F.Supp. 160, 166 (N.D.N.Y. 1996).  The Court sees no demonstrable prejudice in allowing the Plaintiff to increase the amount of her existing claim for compensatory damages against the Defendants.

Finally, the Defendants contend new factual allegations and new claims have been added to the Plaintiff's Amended Complaint.  Although many of the Plaintiff's allegations in the Amended Complaint were not directly stated in the her initial Complaint, the Defendants have not pointed to any new factual allegations that were not explored during discovery or any new claims that did not exist throughout discovery.  In fact, most of the Defendants' specific concerns are addressed either in the Defendants' Motion for Summary Judgment or the subsequent responsive pleadings.  Moreover, the Plaintiff's initial Charge of Discrimination filed with the Equal Employment Opportunity Commission, which was a prerequisite to filing her complaint in this Court, states that "[she] believe[s] that [she] ha[s] been discriminated against because of [her] sex (female) and race (African-American) in violation of Title VII of the Civil Rights Act of 1964…." (Def. Ex. 17).

However, to the extent the Defendants can direct the Court to a specific fact or claim in the Amended Complaint that was not in the initial Complaint or Charge of

Discrimination, or an allegation that was not addressed at some point during discovery, this Court encourages those specific objections. But, at this point, the Court does not find that to be the case.

## II. Reopening Discovery

The resolution of the Defendants' Objection to the Amended Complaint also resolves the Defendants request to reopen discovery. "Generally, a motion for additional discovery is properly denied where a significant amount of discovery has already been obtained and further discovery would not be helpful." *Artistic Entertainment v. City of Warner Robins,* 331 F.3d 1196, 1203 (11th Cir. 2003) (citing *Avirgan v. Hull*, 932 F.2d 1572, 1580-81 (11th Cir. 1991)). First, a significant amount of discovery has already been obtained in this case. Second, reopening discovery in this case would not be helpful, primarily because all of the allegations and claims, even those different from the initial Complaint, could have been, and most were, addressed much earlier in the litigation or during the discovery period. Therefore, the Court does not find that further discovery would be helpful in this case.

The Court finds that the Plaintiff 's Amended Complaint conformed to this Court's August 25, 2011 Order requiring the Plaintiff to submit an Amended Complaint stating, by separate count, each claim the Plaintiff asserts and against whom the claim is asserted. (Doc. 29). Moreover, the Defendants do not point out any specific factual allegations or claims requiring the reopening of discovery at this point in the litigation.

Therefore, the Defendants' Motion to Reopen Discovery and Objections to Plaintiff's Amended Complaint is **DENIED**. The dates regarding the Motion for Summary

Judgment (Doc. 18) supplemental filings addressed in the September 9, 2011 Order by the Court remain in effect.  (Doc. 32).

**SO ORDERED,** this 23rd day of September, 2011.

                                      S/ Marc T. Treadwell
                                      MARC T. TREADWELL, JUDGE
                                      UNITED STATES DISTRICT COURT